PER CURIAM.
Upon complaints by The Florida Bar this Court appointed a referee to conduct a *1029 hearing regarding Pelle’s alleged misconduct. Pelle tendered an Offer to Plead Guilty and For a Penalty of Disbarment thereby admitting all the matters alleged in The Florida Bar’s complaints. With respect to each of the cases the referee made the following findings of fact:

Findings as to Supreme Court Case No. 62,656:

1. The Respondent was retained by a widow to probate her deceased husband's will and subsequently failed to advise her that he had obtained possession of securities owned solely by her; obtained an authorization through misrepresentation which enabled him to buy, sell, or trade said securities; directed the sale of said securities without the knowledge or consent of the owner thereof; obtained the proceeds of the sale of said securities by forging an endorsement to certain checks; and misrepresented that said securities would be returned while knowing they had already been sold.

Findings as to Supreme Court Case No. 63,498:

2. The Respondent represented a corporation in its purchase of real estate during which he became designated escrow agent for a certain sum of money provided by his client. He disbursed funds from escrow without the authorization of the seller, thereby failing to protect funds entrusted to him in his capacity as escrow agent.

Findings as to Supreme Court Case No. 63,760:

3. The Respondent misrepresented his client’s willingness to accept payments in settlement of a business dispute and then converted said payments to his own use.
4. The Respondent failed to comply with a Witness Subpoena Duces Tecum issued by the Chairman of Grievance Committee “C” of the Seventeenth Judicial Circuit.
5.The Respondent violated the order entered by the Supreme Court of Florida on March 17, 1982, whereby Respondent was suspended from the practice of law until further notice of the Court, relative to trust funds and provided false information to The Florida Bar concerning the receipt of trust funds.
The referee recommended that Pelle be found guilty of numerous violations of the Integration Rule and various disciplinary rules. The referee recommended that respondent’s guilty plea be accepted and that he be disbarred with readmission to The Florida Bar conditioned upon full compliance with the rules and regulations governing admission to the Bar. See Fla. Bar Integr. R., art. XI, Rule 11.10(5). Neither side contests the referee’s report which we hereby adopt. Respondent, Michael A. Pelle, is hereby disbarred from the practice of law, effective immediately. We also assess against Pelle the costs of these proceedings in the amount of $2,256.36.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.